**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

ELENA LYONS,                                                                                                               PLAINTIFF

v.                                      CAUSE NO. 3:14-cv-211-MPM-SAA

EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,             DEFENDANTS

**<u>ORDER</u>**

Defendant Comenity Bank ("Comenity") has asked the court to compel plaintiff to provide information about settlements which have occurred between plaintiff and former defendants in this action. Docket 72. During plaintiff's deposition defendant asked questions regarding these settlements, and plaintiff's counsel instructed her not to answer because the information sought was subject to a confidentiality agreement and was protected by attorney-client privilege. Comenity claims this instruction was improper and that it is entitled to that information.

According to Comenity, both the scope of the damages plaintiff seeks under alleged violations of the Fair Credit Reporting Act ("FRCA") and the plaintiff's testimony that her damages were caused by all defendants make the settlement information between plaintiff and the former defendants relevant and discoverable. Comenity relies upon case law from outside the Fifth Circuit to support its argument that it is entitled to this information.

Plaintiff defends her refusal to produce the information on various grounds. As to the FRCA claims, "Comenity has no right to contribution from settlements with any of the other defendants in this case because Plaintiff's claims are completely independent under the FRCA." Docket 78, p. 4. Additionally, plaintiff asserts that her confidential settlement negotiations with other defendants were made under F.R.E. 408 thus, they are inadmissible. And, finally,

plaintiff relies on the fact that these settlement agreements were predicated on the contractual concept of confidentiality.

Courts are split on this issue. On one end of the spectrum, courts have held that confidential settlement agreements are absolutely discoverable. *See, e.g.*, *In re Continental Insurance Company*, 994 S.W.2d 423 (Tex. App. 1999). On the other end, other courts have favored bargained-for privacy rights and have held that confidential settlement agreements are absolutely not discoverable. *See, e.g.*, *UMC / Stamford, Inc. v. Allianz Underwriters Ins. Co.*, 647 A.2d 182 (N.J. Super. Ct. Law Div. 1994). For the most part however, disputes such as the one now before the court occur in insurance cases where multiple insurers are involved. In those situations, there are often questions about excess coverage or indemnification which provide a compelling argument for disclosure.

Such is not the case here. There is no right to either indemnification or offset under the FRCA. *See, e.g., Fields v. Experian Information Solutions*, 2003 WL 1960010 at 2 (N.D. Miss. Apr. 16, 2003) (indemnification); *see also McMillan v. Equifax Credit Information Services*, 153 F.Supp.2d 129, 132 (D. Conn. 2001) (indemnification); *Brim v. Midland*, 795 F. Supp.2d 1255, 1265-1266 (N.D. Ala. 2011) (indemnification or offset); *Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222, 1239 (C.D. Cal. 2007) (indemnification or offset). As a consequence, revealing confidential settlement information between plaintiff and prior defendants would not lead to the discovery of admissible evidence. Comenity has not demonstrated that it is otherwise entitled to the information or would be prejudiced by not receiving it.

Because the court has not been provided a valid reason why plaintiff should be required

to disclose this information given the asserted claims, the court finds that the motion to compel is not well taken and should be DENIED.

**SO ORDERED,** this, the 29th day of October, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE